# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 18-0055** (Ohio County 13-F-74)

**Michael H. Kandis,**
**Defendant Below, Petitioner**

**FILED**

**November 21, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Michael H. Kandis, pro se, appeals the Circuit Court of Ohio County's December 20, 2017, order denying his motion to suspend his restitution obligations during his incarceration. The State, by counsel Shannon Frederick Kiser, filed a response. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in denying his motion to suspend restitution due to financial hardship while incarcerated and in failing to hold a hearing on his motion.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2013, petitioner was convicted of three counts of second-degree robbery. The circuit court sentenced petitioner to an effective fifteen- to fifty-four-year term of incarceration, and ordered restitution in the amount of $662 to Little Caesar's, $1,176 to Elm Grove Carry Out, $2,500 to Gumby's Cigarette and Beer World ("Gumby's"), and $8,436.18 to Gumby's insurer, Nationwide Insurance Company. These rulings were memorialized in the court's order dated November 26, 2013.[1]

Subsequently, petitioner filed a "Motion to Stop Reimbursement for Restitution." Petitioner sought suspension of his restitution obligations during his incarceration, arguing that the payments imposed an undue hardship. In support of his motion, petitioner relied on *State v. Bagent*, 238 W.Va. 736, 798 S.E.2d 862 (2017), and *Fox v. State*, 176 W.Va. 677, 347 S.E.2d 197 (1986). On December 20, 2017, the circuit court denied petitioner's motion, finding that he

---

[1]Petitioner did not appeal his conviction or sentence. Petitioner did, however, file a petition for a writ of habeas corpus. The circuit court denied petitioner habeas relief, and we affirmed that denial in *Kandis v. Ballard*, No. 15-0431, 2016 WL 1549453 (W.Va. Apr. 15, 2018).

1

failed to substantiate his claim of undue hardship and that the cases cited by petitioner were distinguishable from his case. Petitioner filed an appeal from this December 20, 2017, order and a motion for appointment of appellate counsel. By order entered on March 6, 2018, we deferred ruling on the motion for appointment of appellate counsel, which we now consider with the merits of petitioner's appeal.

This Court reviews "sentencing orders, including orders of restitution made in connection with a defendant's sentencing, under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." *State v. Lucas*, 201 W.Va. 271, 276, 496 S.E.2d 221, 226 (1997) (citation omitted).

On appeal, petitioner argues that the circuit court erred in not deferring restitution until his release from incarceration or until repayment does not otherwise impose an undue hardship.[2] Petitioner asserts that he is the father to two boys who count on him "for at least some support." Petitioner details that his monthly prison income amounts to $51.00, and the 40% deduction leaves an amount "far below" that which is necessary to provide for "unforeseen expenses and an amount for discretionary spending." In support of this claim, petitioner reiterates reliance on the *Bagent* and *Fox* cases cited above. Petitioner also claims that the circuit court erred in ruling on his motion without holding a hearing.

We find no error in the circuit court's refusal to suspend petitioner's restitution obligations. To begin, West Virginia Code § 61-11A-5, governing restitution, explicitly provides that "[t]he burden of demonstrating the financial resources of the defendant and the financial needs of the defendant and such defendant's dependents shall be on the defendant." Petitioner failed to provide any evidence of his or his dependents' needs. As recognized by the circuit court, petitioner did not "provide[] his claims of hardship with factual support. Rather, [petitioner] makes general and unspecific claims regarding his inability to pay restitution while incarcerated. Averments such as these are insufficient to support the relief [petitioner] seeks." Petitioner's failure to carry his burden justifies the circuit court's denial of his requested relief.

We also find no error in the circuit court's conclusion that the cases cited by petitioner afford him no relief. In *Fox*, we considered the payment of restitution or court costs and attorney fees as a condition of probation. 176 W.Va. at 679, 347 W.Va. at 199. Petitioner's restitution was not ordered as a condition of probation; therefore, *Fox* is simply inapplicable to petitioner's claim here.

In *Bagent*, the appellant argued that the circuit court failed to adequately consider her financial resources in ordering her jointly and severally liable, with two codefendants, for restitution in the amount of $46,592. 238 W.Va. at 738, 798 S.E.2d at 864. The appellant in that case was a mother of three children by two different fathers with only a ninth grade education who was reliant upon her mother and public assistance for support. *Id.* at 739, 798 S.E.2d at 865.

---

[2]Petitioner does not challenge the amount of restitution ordered. Indeed, petitioner asserts that he "is not trying to get out of paying restitution" and that "he wishes to pay[.]" Rather, he wishes to pay when his financial situation "provides for a more reasonable ability to pay without hardship to him and his two young sons."

2

We found that the circuit court "thoroughly evaluated the [petitioner's] financial situation in ordering her restitution payment." *Id.* at 744, 798 S.E.2d at 870. But because the State alerted us to the fact that the circuit court did not, in fact, make restitution joint and several between the codefendants, despite its apparent intention to do so, we were "compelled to remand this matter to the circuit court for evaluation of the issue of the monetary restitution to be paid by the [p]etitioner, given the apparent decision to abandon the circuit court's original intention to impose joint and several liability." *Id.*

Like *Fox*, *Bagent* fails to establish that petitioner is entitled to relief. *Bagent* does not absolve a defendant of the obligation to prove his or her financial needs, as required under West Virginia Code § 61-11A-5. *Bagent* also offers no support for petitioner's contention that his restitution obligations be suspended pending incarceration. Indeed, "indigency of a defendant or the current ability or inability of a defendant to pay a given amount of restitution is not necessarily determinative or controlling as to the practicality of an award of restitution." *Lucas*, 201 W.Va. at 273, 496 S.E.2d at 223, Syl. Pt. 4, in part; *see also Bagent*, 238 W.Va. at 743, 798 S.E.2d at 869. Further, if a circuit court "determines that there is a reasonable possibility that a defendant *may be able to* pay an amount of restitution," the court is permitted to determine that an award is practical. *Lucas*, 201 W.Va. at 273-74, 496 S.E.2d at 223-24, Syl. Pt. 4, in part (emphasis added). Because petitioner failed to offer any support for his claims of undue hardship, we find no error in the circuit court's refusal to suspend his restitution obligations.

Finally, although petitioner claims the circuit court erred in failing to hold a hearing on his motion, he cites to no law requiring a hearing on such a motion. Petitioner also fails to identify any evidence or argument he would have addressed at a hearing. Accordingly, we find no error in this regard. Because the circuit court properly denied petitioner's motion, we deny his motion for appointment of appellate counsel.

For the foregoing reasons, we affirm the circuit court's order denying petitioner's request to suspend his restitution payments.

Affirmed.

**ISSUED**:  November 21, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice Paul T. Farrell sitting by temporary assignment